Defendant-appellant Keith Schrader appeals the April 3, 1998, decision of the Coshocton County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 3, 1987, the Coshocton County Grand Jury indicted appellant on six (6) counts of rape in violation of R.C.2907.02(A)(1)(b). Count two of the indictment was accompanied by a force specification.
At his arraignment on August 11, 1987, appellant entered a plea of not guilty to the charges contained in the indictment. In the Bill of Particulars, which was filed on October 11, 1987, the State of Ohio alleged that during a period from approximately September 18, 1985, through June 15, 1986, appellant had engaged in sexual conduct with Christopher Anderson, who was less than 13 years of age and that with respect to count two, appellant had compelled Anderson to submit by force or threat of force. The Bill of Particulars specifically alleged that appellant had performed fellatio on Anderson, who was approximately nine (9) years old at the time of the alleged offenses and that, with respect to count two, appellant had compelled Anderson to submit by threatening him with a knife. Anderson was appellant's stepson.
A jury trial commenced on May 17, 1988. On May 23, 1988, the jury found appellant guilty of rape as charged in counts one, two and three of the indictment. With respect to count two, the jury found that appellant had purposely compelled the victim to submit by force or threat of force. The State of Ohio, with leave of court, entered a nolle prosequi as to counts five and six of the indictment. With respect to count four, the trial court had granted a Criminal Rule 29 Motion at the close of the State's case.
On May 31, 1988, appellant was sentenced to prison for a term of ten (10) to twenty five (25) years as to counts one and three of the indictments with the minimum term of ten (10) years on each count being a term of actual incarceration. As to count two with the specification, appellant was sentenced to life in prison. The sentences were to be served concurrently. A Judgment Entry of Sentencing was filed the same day.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing to determine whether appellant should be adjudicated a sexual predator was held on March 30, 1998. Prior to the hearing, which is commonly known as a H.B. 180 hearing, appellant filed a Motion to Dismiss based on retroactivity, ex post facto, and double jeopardy grounds. Appellant also argued that R.C. 2950.09(C) is void for vagueness. The trial court, after denying appellant's Motion to Dismiss, adjudicated appellant a sexual predator. On April 3, 1998, the trial court filed a Sentencing Addendum and Inmate Sentencing Attachment memorializing its adjudication. The court, in the Addendum, specifically found that the victim was under the age of 13.
It is from the court's decision adjudicating him a sexual predator that appellant prosecutes this appeal, raising the following assignments of error:
 I. THE COURT'S DECISION VIOLATES THE OHIO AND FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HIM TO THE REQUIREMENTS OF O.R.C. 2950.
II. O.R.C. 2950.09(C) IS VOID FOR VAGUENESS.
 III. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellant's first and second assignments are overruled on the authority of State v. Cook (1993), 83 Ohio St.3d 404, State v.Nosic, (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair, (February 1, 1999), Stark App. No. 1997CA00232, unreported.
We acknowledge that the Cook case dealt with the constitutionality of R.C. 2950.09(B)(1), which specifies that that section applies to anyone sentenced after the effective date of the statute even if the offense were committed before the effective date of the statute. The case before us deals with R.C. 2950.09(C)(1), which specifies that it applies to anyone currently in prison even if the person committed a sexually oriented offense and was sentenced for it prior to the effective date of the statute. However, we find the analysis of the constitutional issues in Cook to be applicable to the case before us. Both of the code sections above deal with the application of changes in Chapter 2950 of the Revised Code to persons who have committed sexually oriented offenses prior to the effective date of those changes. The consequences of being found to be a sexual predator, whether under 2950.09(B)(1) or (C)(1), are the same in terms of registration and community notification.
 III
In his third assignment of error, appellant contends that the trial court's adjudicating him a sexual predator is against the manifest weight of the evidence.
In State v. Cook, supra, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of three counts of rape under R.C. 2907.02. R.C. 2950.01(D)(1) specifies that rape is a sexually oriented offense. In addition, R.C. 2950.09(C)(2) states, that in a hearing to determine if an offender is a sexual predator, "the courtshall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) [of 2950.09]." (emphasis added) The factors set forth in R.C.2950.09 (B)(2) are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (l) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The Court shall determine an offender to be a sexual predator only if the evidence presented convinces the court by clear and convincing evidence. R.C. 2950.09(C)(1). Reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge. Cook, supra. pg. 425.
At the sexual predator hearing the trial court reviewed the screening instrument prepared by the Ohio Department of Rehabilitation and Correction recommending that appellant be adjudicated as a sexual predator. The Court, having presided over the jury trial, also had had the opportunity to hear the evidence at appellant's trial as it was presented.
However, there is no indication that the trial court considered all the factors listed in R.C. Section2950.09(B)(2). The statute indicates the court shall considerall relevant factors, including, but not limited to, all the factors listed in 2950.09(B)(2). The ten factors set forth in 2950.09(B)(2) are not set forth in any written findings made by the trial court after the sexual predator hearing nor are they set forth orally by the court at the sexual predator hearing. There is also not enough factual information in the transcript from the sexual predator hearing to indicate that the trial court considered each factor in 2950.09(B)(2).
The trial court judge who presided over the sexual predator hearing is also the judge who presided over the multi-day trial of the appellant in 1988. The judge asked appellant's counsel at the sexual predator hearing as to whether there was any reason why the Judge could not consider the evidence presented at the multi-day trial in determining whether appellant was a sexual predator. This court finds that it would be appropriate for the trial court judge to consider that evidence under the following conditions: (1) the court states specifically on the record what evidence was considered and (2) a record of the trial exists to verify the information used by the trial court (either as a transcript or video tape or in a form still capable of being transcribed). This second condition is important considering the lapse of time between the trial and the sexual predator hearing. Counsel for appellant at the sexual predator hearing was not counsel for the appellant at his original trial. Counsel for appellant would have no way of verifying the information used by the court unless a record is available to appellant's counsel.[1]
The transcript of the victim's testimony is included in the record transmitted to the Court of Appeals in this matter. It was actually taken three months before the trial. However, it is under oath and relevant and any information presented by the State from that and used by the trial court would be available to be reviewed by the appellate court.
This court is also concerned with reliance of the trial court upon the Ohio Department of Rehabilitation and Corrections screening instrument for determination that a person is a sexual predator when that instrument does not indicate from where the information was obtained.
Therefore, appellant's third assignment of error is sustained. The judgment of the Coshocton County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent with this opinion.
By Edwards, J., Gwin, J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed in part and reversed in part and remanded. Costs waived.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] If the sexual predator hearing is conducted right after the trial, the record would be readily available for transcription which would not be the case when there is a long lapse of time between trial and the sexual predator hearing and there had been no appeal from the original trial.